UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ERNEST ADOLF SCHAEF

    Petitioner,

v.

DOUG WADDINGTON,

    Respondent.

Case No.  C05-5461RBL

REPORT AND RECOMMENDATION

**NOTED FOR:**
**March 24th, 2006**

This habeas corpus action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636 (b)(1)(B) and Local Magistrates' Rules MJR 3 and MJR 4. Petitioner filed this action under 28 U.S.C. § 2254.

### INTRODUCTION AND SUMMARY CONCLUSION

Petitioner challenges a 2002 Lewis County conviction in which plaintiff entered a plea of guilty to one count of assault in the first degree, one count of assault in the second degree and one count of assault in the third degree.  The sentence included a firearms enhancement and the petitioner is serving a 144 month sentence on the first degree assault charge with the other sentences running concurrent.  (Dkt. # 19, Exhibit 1 Judgement and Sentence).  Respondent has filed a motion to dismiss in lieu of an answer and alleges the petition to be time barred under 28 U.S.C. § 2244 (d). (Dkt. # 19).   Petitioner has responded to the motion to dismiss and the matter is ripe for review.

REPORT AND RECOMMENDATION
Page - 1

(Dkt. # 21). The court recommends this petition be **DISMISSED WITH PREJUDICE** as time barred.

## FACTS AND DISCUSSION

Federal habeas corpus petitions are subject to a statue of limitations under the 1996 amendments to 28 U.S.C. § 2244(d), which were signed into law April 24, 1996 as part of the Antiterrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2244(d) provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner pled guilty on April 17th, 2002. (Dkt. # 19, Exhibit 1). He did not file any document challenging the plea until June 12th, 2003, more than one year after the guilty plea was entered. (Dkt. # 19, Exhibit 3). On June 12th, 2003 petitioner filed a motion in superior court to withdraw his plea. The motion was referred to the Washington State Court of Appeals as a personal restraint petition.

Pursuant to 28 U.S.C. § 2244 (d) the one year time limitation for filing a habeas action commenced running on April 17th, 2002 and expired on April 17th, 2003. The motion to withdraw the plea of guilty was filed 56 days after the running of the federal statute and this petition is untimely.

Respondent sets forth the entire procedural history of petitioner's untimely filings. (Dkt. # 19, Exhibits 3 through 26). Respondent argues that only properly filed petitions toll the one year federal statute of limitations and that Mr. Schaef's federal statute of limitations actually expired April

17th, 2003. <u>Pace v. DiGuglielmo</u>, _ U.S._, 125 S. Ct. 1807, 1814 (2005).  Respondent's position is correct.  This petition is time barred and should be **DISMISSED WITH PREJUDICE.**

## CONCLUSION

This petition is time barred.  Accordingly, the petition should be **DISMISSED WITH PREJUDICE.**  A proposed order accompanies this report and recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **March 24th, 2006**, as noted in the caption.

Dated this 21st day of February, 2006.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 3